UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAYLA DARYIOSH and
ALBERT DARYIOSH,

    Plaintiffs,

v.                                     Case No. 12-14021

TARGET CORPORATION,

    Defendant.
                                           /

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On September 9, 2012, Plaintiff Layla Daryiosh slipped and fell in a Target store. Mrs. Daryiosh and her husband, Albert Daryiosh, allege that she slipped and fell on a clear liquid in the main aisle of the store, and sue Defendant Target Corporation ("Target") to recover damages relating to the fall. Target moves for summary judgment, which has been fully briefed, and a hearing is unnecessary. *See* E.D. Mich LR 7.1(f)(2). For the following reasons, the court will grant Target's motion for summary judgment because no evidence has been identified that can show, either directly or by inference, that Target created, knew of, or was on notice of the existence of the hazard alleged.

**I. BACKGROUND**

For the purpose of this analysis under Rule 56, the court takes the evidence, and reasonable inferences, as presented by the non-moving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (citing *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Layla Daryiosh and Albert Daryiosh, accompanied by their son and daughter, were shopping at a Target store in Warren, Michigan, on

September 9, 2012. Mrs. Daryiosh described the weather as "nice" and "normal" and without rain. (Dkt. # 14-3 at Pg ID 96.) Mrs. Daryiosh acknowledges that the store was clean, maintained, and well-lit. (*Id.* Pg ID 94.) After a few minutes in the store, Mrs. Daryiosh and her daughter were walking near the children's clothing area when Mrs. Daryiosh slipped and fell, injuring her back, left foot, knee, and hip. (Dkt. # 14-2 at Pg ID 91.)

    Mrs. Daryiosh claims that were she slipped there was a puddle of odorless, colorless liquid, which she estimates was five to six feet in diameter, and which she did not see before falling. A Target employee was in the same aisle between five and fifteen minutes prior to the accident and did not see the puddle. No Target employees were around when the incident occurred. Mrs. Daryiosh's clothes, she said, were somewhat wet after falling, and she and her husband said that he saw the puddle after the fall. Target does not contest, for this motion, that a puddle existed; neither does it explicitly concede its existence. The court therefore assumes that the five-foot diameter puddle of watery substance existed essentially as described.

    Plaintiffs have not identified any source for the puddle. Furthermore, Plaintiffs have not adduced evidence that anyone associated with Target created, allowed, or was aware of the puddle. Target's expert witness, Dr. Robert Little, who holds a Ph.D. in mechanical engineering, testified that his experiments in the same Target store demonstrate that a puddle five feet or six feet in diameter would take forty seconds or sixty seconds, respectively, to form, and would maintain a consistent shape thereafter due to the water's surface tension. (Dkt. # 14-8 at Pg ID 118, 120.) Mrs. Daryioush testified, without much elaboration, that the substance "looked old."

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

The non-moving party must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-52. The court does not weigh the evidence to determine the truth of the matter, but rather to determine if the evidence creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson*, 477 U.S. at 249).

### III. DISCUSSION

Target owed to Mrs. Daryiosh, as an invitee, a duty to exercise reasonable care in keeping their establishment hazard-free. *Torma v. Montgomery Ward & Co.*, 58 N.W.2d 149, 153 (Mich. 1953). Target is not, however, liable for hazards which could not be anticipated, were unknown, or could not have been discovered with reasonable care. *Kroll v. Katz*, 132 N.W.2d 27, 31-32 (Mich. 1965) (citation omitted). "The mere existence of a defect or danger is not enough to establish liability, unless it is shown to be of such character or duration that the jury may reasonably conclude that due care would have discovered it." *Id.* at 32 (citation omitted). A defendant may be negligent through the actions of its employees, through being aware of the hazard and failing to remedy it, or through being unaware of a hazard that should have been known, either because of its character or duration. *Clark v. Kmart Corp.*, 634 N.W.2d 347, 348-49 (Mich. 2001) (citing *Serinto v. Borman Food Stores*, 158 N.W.2d 485, 486 (Mich. 1968); *Carpenter v. Herpolsheimer's Co.*, 271 N.W. 575, 575 (Mich. 1937)).

Plaintiffs do not allege, and there exists no evidence known to the court to support, either that the substance on the floor was created by Target or its employees, or that Target's employees were aware of it. The crux of Plaintiffs' argument is that Target should have known of the puddle because they had "constructive notice." Constructive notice exists where a hazard "is of such a character or has existed for a sufficient length of time" such that the defendant should have had knowledge of it. *Clark*, 634 N.W.2d at 349 (citations omitted). Here, a Target employee was in the area less than fifteen minutes prior to Mrs. Daryiosh's fall and did not encounter a puddle. The testimony of Dr. Little, not rebutted by Plaintiff, would indicate that the employee did

not see the puddle because it did not exist at the time the employee walked through the aisle. Dr. Little testified that a puddle of the size alleged by Plaintiffs takes only about one minute to form. Even if the puddle did exist in some size when the employee walked through the aisle, the employee was not certain to have seen it given that it consisted of a clear liquid. There is no evidence to establish that the puddle was of such a character or existed for a sufficient length of time such that Target should have known of the puddle. *See Whitmore v. Sears, Roebuck & Co.*, 279 N.W.2d 318, 321 (Mich. Ct. App. 1979) (holding that a defendant should not have been aware of a puddle where there was no evidence from which a jury could infer that the puddle had existed for "some time"); *see also Bursey v. Autozone, Inc.*, No. 257383, 2006 WL 657036, at *2 (Mich. Ct. App. Mar. 16, 2006) (finding that a store was not constructively aware of a puddle without evidence that the puddle had existed for a sufficiently long period of time to place defendant on notice); *cf. Clark*, 634 N.W.2d at 348-49 (finding that there was a genuine issue of material fact where evidence existed showing that the plaintiff slipped on grapes which had been on the floor for over an hour).

     For evidence, Plaintiffs offer only two points attempting to establish that Target had constructive notice of the puddle. First, Plaintiffs argue that the puddle existed for a considerable amount of time because Mrs. Daryiosh testified that the puddle *appeared* old. Mrs. Daryiosh testified: "It looks like it's probably old. It sounds like it might have been old being there because it was—if it was a puddle of water that you just spilled or whatever usually it kind of spreads around. It looks like it was an old." (Dkt. # 14-3 at Pg ID 98.) Allowing that something may have been lost in the translation of the non-English speaking Plaintiff (*e.g.*, "It sounds like it might have been old being there . . . ."),

her description amounts to a conclusion based upon mere conjecture and is supported by no factual description other than the physical size of the puddle.  Mrs. Daryiosh is, in addition, a layperson lacking in expertise in how long it takes puddles to form.

Second, Plaintiffs aver that the puddle was located in a well-trafficked aisle such that a Target employee "should" have seen it.  Again, the allegation employs conjecture, not the affirmative evidence required to defeat a motion for summary judgment. "[A]lthough constructive notice of a hazardous condition can be supported by reasonable inferences drawn from the evidence, such inferences must amount to more than mere speculation or conjecture."  *Stephens v. Kroger Co. of Mich.*, No. 232135, 2002 WL 1999761, at *1 (Mich. Ct. App. Aug. 27, 2002) (citing *Whitmore*, 279 N.W.2d at 321.)

Plaintiffs have not presented evidence demonstrating when the puddle formed in order to prove that the puddle existed for a lengthy period of time to place Target on constructive notice.  Nor do Plaintiffs offer evidence to establish that Target employees were required to, or habitually did, walk through the aisle sufficiently frequently to conclude that one of them should have noticed the forming puddle.  Instead, Plaintiffs maintain that Target had constructive notice of the puddle simply because the puddle appeared "old" (whatever that might mean), and that it was located in a well-trafficked aisle.  Even if these inferences were supported by evidence—which they are not—they are insufficient to establish that Target should have known of the puddle.  Boiled down, they point only to "[t]he mere existence of a defect or danger," which is "not enough to establish liability."

Plaintiffs have only speculated that Target should have been aware of the

puddle, but produce no evidence to warrant such a finding. Target did not breach its duty of care owed to Plaintiffs, and summary judgment will be granted. *See Stephens*, 2002 WL 1999761, at *1 ("[P]laintiffs offered no evidence beyond the mere existence of the hazard. Accordingly, how and when the hazard came to be are matters of conjecture and summary disposition was therefore appropriate.").

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 14] is GRANTED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522